1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    BILLY DRIVER, JR.,                           No.  2:22-cv-01542 DB P

11                   Plaintiff,

12          v.                                      ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
13    BEST, et al.,

14                   Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17    U.S.C. § 1983.  Plaintiff claims that defendants were deliberately indifferent to his health and

18    safety in violation of his Eighth Amendment rights.  Presently before the court is plaintiff's

19    motion to proceed in forma pauperis.  (ECF No. 2.)  For the reasons set forth below, the court will

20    recommend that the motion to proceed in forma pauperis be denied.  The court will also deny as

21    premature plaintiff's motion for referral to the Alternative Dispute Resolution program.  (ECF

22    No. 8.)

23    ////

24    ////

25    ////

26    ////

27    ////

28    ////

                                                    1

1

**IN FORMA PAUPERIS**

2

**I.        In Forma Pauperis Statue**

3            The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

4      the commencement and prosecution of any suit without prepayment of fees by a person who

5      submits an affidavit indicating that the person is unable to pay such fees.  However,

6                        [i]n no event shall a prisoner bring a civil action . . . [in forma
                         paupers] if the prisoner has, on 3 or more prior occasions, while
7                        incarcerated or detained in any facility, brought an action or appeal
                         in a court of the United States that was dismissed on the grounds that
8                        it is frivolous, malicious, or fails to state a claim upon which relief
                         may be granted, unless the prisoner is under imminent danger of
9                        serious physical injury.

10     28 U.S.C. § 1915(g).

11           This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

12     claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135

13     S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in

14     original)).  If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from

15     proceeding in forma pauperis unless he meets the exception for imminent danger of serious

16     physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this

17     exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was

18     faced with imminent danger of serious physical injury at the time his complaint was filed.  See

19     Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

20     **II.        Has Plaintiff Accrued Three Strikes?**

21           A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. §

22     1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the

23     complaint was filed, under imminent danger of serious physical injury.  Many judges have

24     previously found that plaintiff has accrued three strikes.  See Driver v. IRS of Fresno, California,

25     No. 1:22-cv-00118-AWI-HBK, 2022 WL 2093728 (E.D. Cal. June 10, 2022), recommendation

26     adopted by, 2022 WL 4123875 (E.D. Cal. Sep. 9, 2022); Driver v. Fresno US Court, No. 1:22-cv-

27     00623-DAD-SKO, 2022 WL 2442746 (E.D. Cal. June 7, 2022), recommendation adopted by,

28     2022 WL 2718556 (E.D. Cal. July 13, 2022); Driver v. Garry, No. 2:20-cv-0800 TLN AC P,

2

1   2020 WL 4349853 (E.D. Cal. July 29, 2020), <u>recommendation adopted by</u>, 2020 WL 5943678

2   (E.D. Cal. Oct. 7, 2020); <u>Driver v. Harber-Pickens</u>, No. 1:19-cv-01775-DAD-EPG, 2020 WL

3   104493 (E.D. Cal. Jan. 9, 2020), <u>recommendation adopted by</u>, 2020 WL 1865659 (E.D. Cal. Apr.

4   14, 2020; <u>Driver v. Mora</u>, No. CV 13-5770-BRO, 2014 WL 12966003 (C.D. Cal. Aug. 18, 2014),

5   <u>recommendation adopted by</u>, 2015 WL 13915004 (C.D. Cal. Jan. 20, 2015).

6         The court takes judicial notice of those cases and plaintiff's prior filings described therein.

7   <u>MCIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial

8   notice of its own records and the records of other courts).  Those cases include: (1) <u>Driver v.</u>

9   <u>Martel</u>, No. 08-CV-1910-GEB-EFB (E.D. Cal. Sept. 15, 2009) (dismissed September 16, 2009,

10  for failure to state a claim), <u>aff'd</u>, <u>Driver v. Martel</u>, 395 F. App'x 392 (9th Cir. 2010), cert. denied,

11  563 U.S. 909 (2011); (2) <u>Driver v. Kelso</u>, No. 2:11-cv-2397 EFB P (E.D. Cal. Aug. 9, 2012)

12  (dismissed September 12, 2012, for failure to file an amended complaint after prior complaint

13  was dismissed for failure to state a claim), <u>aff'd</u>, 514 F. App'x 662 (9th Cir. 2013); (3) <u>Driver v.</u>

14  <u>Zamora</u>, No. 2:14-cv-02170-BRO-AGR (C.D. Cal.) (dismissed for failure to file an amended

15  complaint after prior complaint was dismissed for failure to state a claim); aff'd, 621 F. App'x 421

16  (9th Cir. 2015); (4) <u>Driver v. Epp</u>, No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed September 5,

17  2012, for failure to state a claim); (5) <u>Driver v. U.S. Special Master</u>, No. 1:17-cv-0202 DAD

18  BAM P (E.D. Cal. 2018) (dismissed Jan. 5, 2018, for failure to pay the filing fee after being

19  declared a three-strike litigant and for failure to obey a court order).  These strikes all occurred

20  prior to plaintiff's initiation of the present action on September 2, 2022.  (ECF No. 1.)

21      **III.**    **Does Plaintiff Meet the Imminent Danger Exception?**

22        Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma

23  pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C.

24  § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner

25  faced at the time the complaint was filed, not at some earlier or later time.  <u>See</u> <u>Andrews</u>, 493

26  F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be

27  rejected as overly speculative or fanciful."  <u>Id.</u> at 1057 n.11.  Imminent danger of serious physical

28  injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden

under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint. (ECF No. 1.) Therein plaintiff alleges that on August 3, 2022 his rights were violated by defendants when plaintiff was forced to take a "painful anti/psychotic drug injection." (Id. at 4.) Plaintiff claims he suffered side effects from the injections and that he was not psychotic. (Id.) Plaintiff also claims that on August 21, 2022, defendants placed a "well known Hispanic gang member" in plaintiff's cell despite the risk of harm to plaintiff. (Id. at 5.) Plaintiff states that the following day he was "put in PSU for fighting." (Id.)

These allegations do not show that plaintiff was under imminent threat of serious physical injury at the time he filed the complaint. Plaintiff's claim that he is suffering side effects from an involuntary medication is insufficient to satisfy the imminent danger exception. See Hendon v. Kulka, No. 2:14-cv-2581 AC P, 2015 WL 4637962, at *2 (E.D. Cal. Aug. 3, 2015). Plaintiff's claims also appear to date back to at least 2019 when another court also found that plaintiff's claims of painful injections were inadequate to show imminent danger. Driver v. ADA 1824 Panels, No. 1:19-cv-1718 SAB PC, 2019 WL 9100333, at *2 (E.D. Cal. Dec. 17, 2019) ("Plaintiff's allegations regarding unlawful Keyhea orders, forced medication, and painful injections are too vague and conclusory to establish that Plaintiff was in imminent danger of serious physical harm at the time his complaint was filed.") Plaintiff's other claim also does not present an imminent danger as, per the allegations in the complaint, that claim involves a past incident and plaintiff was subsequently removed from that cell. (ECF No. 1 at 5.)

////

////

4

Accordingly, the court finds that plaintiff does not meet the imminent danger exception described in § 1915(g) and should only be allowed to proceed with this action if he pays the filing fee.

**MOTION FOR ADR**

Plaintiff has also submitted a motion to refer the present action to the Alternative Dispute Resolution program for a settlement conference.  (ECF No. 8.)  The court has not yet screened plaintiff's complaint and found it states cognizable claims.  As such, defendants have not yet been served.  Screening will not occur until plaintiff is granted in forma pauperis status or he pays the filing fee for this action.  Plaintiff's motion is premature as a settlement conference cannot be ordered prior to the complaint being screened and defendants being served.  Plaintiff's motion (ECF No. 8) will be denied without prejudice as premature.

////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////

5

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for refer the present action to the Alternative Dispute Resolution program (ECF No. 8) is denied without prejudice; and

2.  The Clerk of the Court randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

2.  The court finds plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and

3.  The court order plaintiff to pay the $402 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 1, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/driv1542

6